UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

TRUSTEES OF THE PLUMBERS AND                                                                    PLAINTIFFS
STEAMFITTERS LOCAL 184
SUPPLEMENTAL PENSION PLAN, ET AL.

v.                                                                                                          No. 5:18-cv-80-BJB

ABOVE ALL SERVICE, LLC                                                                                DEFENDANT

\* \* \* \* \*

MEMORANDUM OPINION & ORDER

Defendant Above All Service, LLC is a business whose employees, or former employees, are associated with the union and employee benefit plans that filed this lawsuit (either directly or through trustees). The lawsuit alleges that Above All failed to contribute to several employee plans, allegedly in violation of ERISA and various contracts. Complaint (DN 1) ¶¶ 1, 21–52. Above All filed an answer, DN 5, and even participated in a settlement conference, DN 31. Then, on October 14, 2020, Above All's counsel moved to withdraw. DN 35. A few days later, the Court ordered Above All to retain new counsel within 30 days. DN 36. But Above All didn't. And it missed subsequent proceedings. DN 37. So in April 2021 Plaintiffs moved for a default judgment against Above All. DN 40. The Court entered default on May 4, 2021. DN 41.

Sixteen days later, Above All retained new counsel, DN 42, and moved to set aside the entry of default, DN 43. With good cause, according to Above All's owner, Jason Burgess: he did not hear from counsel after the settlement conference, did not know counsel had withdrawn, and hadn't received the withdrawal notice sent to his home—where he does not receive mail—rather than the business. Jason Burgess Declaration (DN 43-1). When Above All received the notice of default at its business, according to Burgess, it promptly moved to retain new counsel and set aside the default. Motion to Set Aside at 2. Above All argues that: (1) its failure to retain new counsel was innocent, because it lacked notice until the Court entered default; (2) discovery in this case is relatively simple and was nearly complete when counsel withdrew, so its completion would cause Plaintiffs no prejudice; and (3) the merits of the defenses asserted in the answer are at least plausible at this early stage. *Id.* at 3.

Plaintiffs, of course, counter that all of this is too little and too late. Above All, they maintain, (1) spins an implausible yarn about its counsel leaving his firm and Burgess not receiving notices at home before the default; (2) would prejudice them by imposing additional litigation costs; (3) and has few defenses in an ERISA case like

1

this. DN 44 at 3–4. While this motion was pending, they proceeded to move for default judgment (DN 45), which Above All opposed on the same grounds supporting its motion to set aside (DN 46).

Because the bar to set aside a default is low, the Court grants Above All's motion to set aside (DN 43) and denies Plaintiffs' motion for default judgment (DN 45).

Federal Rule of Civil Procedure 55(c) provides the standards a district court should apply to a motion to set aside an entry of default—not to be confused with a default judgment, *compare* Fed. R. Civ. P. 55(a) *with* 55(b), whose undoing implicates a much more stringent standard. *See United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) ("highlight[ing] the difference between default and default judgments"). A court must set aside an entry of default if (1) the "defendant has a meritorious defense," (2) the "plaintiff would not be prejudiced," and (3) the defendant's conduct leading to a default was not "culpable" or "willful." *Id.* (quoting *Waiversong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). These procedural rules and the Sixth Circuit's decisions are, generally speaking, "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *Id.* at 322.

*First*, culpable conduct does not include "mere negligence or failure to act reasonably." *Id.* at 327. Instead, the defendant "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Id.* (quoting *Thompson v. Am. Home Assur.,* 95 F.3d 429, 433 (6th Cir. 1996). Above All's actions reflect neither. The Sixth Circuit addressed a closer case, but still considered it appropriate to set aside a default, in *$22,050.00 U.S. Currency*. 595 F.3d 318 (collecting cases). There the defendant asserted he did not receive a government notice of forfeiture, even though he had reason to know about it: his secretary received a notice and he received only some of the property that had been taken from him. *Id.* at 326. The Sixth Circuit found this hard to believe. But the government had not proved that position false, so the Sixth Circuit remanded for the district court to consider again whether to set aside the default under Rule 55(c). *Id.* at 327. That tale was odder than Above All's, which is saying something. And Plaintiffs provide little evidence and ascribe no motive that would contradict the tale at this point.

*Second*, any prejudice felt by Plaintiffs would be minimal. They do not contest that discovery is straightforward and well on its way. Nothing indicates time was of the essence: Plaintiffs waited months to move for entry of default after Above All failed to comply with the order to retain counsel, while Above All quickly moved to set aside the default once entered. So delay does not seem to be a concern. *See id.* at 325 (Government waited three months to move for default, before defendant quickly moved to set aside). Plaintiffs' only real argument on this point is increased litigation costs. But "[s]etting aside default will *always* increase litigation cost to the plaintiff

because the plaintiff will actually have to litigate the case. Yet, [the Sixth Circuit] encourages setting aside default to allow for resolution on the merits, which will necessarily drive up litigation costs." *Id.* So the lack of prejudice favors setting aside the default.

*Third*, to be "meritorious" a defense need only create "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* at 326 (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)). Defenses raised in the answer often prove sufficient even without detailed factual allegations; all meritoriousness requires is "a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (quoting *INVST Fin. Group v. Chem–Nuclear Sys.*, 815 F.2d 391, 399 (6th Cir. 1987)). An answer that merely denied the claims and asserted basic affirmative defenses like failure to state a claim without many factual allegations, for example, sufficed in the Sixth Circuit's decision in *$22,050.00 U.S. Currency*, 595 F.3d at 326. Above All's quick motion to set aside the default here showed a similar intent to defend and its answer (DN 5) raised similar affirmative defenses. That was enough to clear this low bar.

All three Rule 55(c) factors favor setting aside the default. So the Court grants Above All's motion to set aside (DN 43) and denies Plaintiffs' motion for default judgment (DN 45).